IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAROLD RAY, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 2:17-cv-99-MHT-GMB [WO] |
| NATIONSTAR MORTGAGE LLC OF DELAWARE, d/b/a Champion Mortgage Company, | ) ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 13. Now pending before the court is the Motion to Stay in Favor of First-Filed Case (Doc. 29) filed by Defendant Nationstar Mortgage LLC of Delaware, d/b/a Champion Mortgage Company ("Nationstar"). The parties have fully briefed the issues presented (Docs. 30, 32 & 34), and convened for oral argument before the undersigned on January 10, 2018 regarding the motion. After careful consideration of the parties' submissions and arguments and the applicable law, the undersigned recommends that the motion to stay be GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Ray filed this action, on behalf of himself and putative nationwide and Alabama classes, on February 17, 2017. Nationstar is the only defendant. Doc. 1 at 1. The claims

relate to home inspections for Nationstar's reverse mortgage customers and include breach of contract, unjust enrichment, and negligence. Doc. 1.

Two months before Ray filed this action, however, a man named Glendale Hoggard filed a similar action against Nationstar on behalf of himself and putative nationwide and District of Columbia classes.  He initially brought suit in the Superior Court of the District of Columbia on December 9, 2016, but Nationstar removed the case to United States District Court for the District of Columbia on January 13, 2017, where it is styled as *Hoggard, et al., v. Nationstar Mortgage LLC of Delaware, d/b/a Champion Mortgage Company*, 1:17-cv-99-TK.  The *Hoggard* case also relates to reverse mortgage home inspections and includes claims for breach of contract, breach of the covenants of good faith and fair dealing, state-law statutory violations, and unjust enrichment. Doc. 30-1.

On June 16, 2017, the court issued a uniform scheduling order in the instant case, and the parties commenced the discovery process. Doc. 26.  On October 19, 2017, Nationstar filed the pending motion to stay these proceedings.

## II.  DISCUSSION

Nationstar invokes the first-filed rule in arguing that this matter should be stayed so as not to interfere with the administration of the *Hoggard* case.  "The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.

1982)). The primary purposes of the rule, of course, are to promote judicial economy and to avoid the potential for inconsistent obligations and verdicts inherent in simultaneous parallel litigation. *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 606 (S.D. Fla. 1997).

Under the first-filed rule, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted). In applying this rule, the district courts of this circuit generally employ a three-factor test based on (1) the chronology of the cases, (2) the similarity of the parties, and (3) the similarity of the issues. *See Rudolph & Me, Inc. v. Ornament Cent., LLC.*, 2011 WL 3919711, at *2 (M.D. Fla. Sept. 7, 2011); *Goldsby v. Ash*, 2010 WL 1658703, at *2 (M.D. Ala. Apr. 22, 2010). Even if the test is met, forum shopping, bad-faith litigation tactics, or other equitable considerations may override the presumption in favor of the first-filed forum. *See, e.g.*, *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Applying these factors here, the undersigned finds that the instant matter substantially overlaps with the first-filed *Hoggard* case and that there are no significant countervailing equitable considerations. This case must be stayed as a result.

**A.     Chronology**

The chronology is straightforward. The *Hoggard* case was filed on December 9, 2016 and removed to federal court on January 13, 2017. The instant case followed on February 17, 2017. Ray does not dispute this chronology or the fact that it makes *Hoggard*, strictly speaking, the "first-filed" case. Instead, he invites the court to weigh the relative

progress of the litigation in the two forums, offering that the discovery process is more advanced in this case than in *Hoggard*. *See* Doc. 32 at 5–6. Nationstar disputes the facts underlying Ray's contention that the *Hoggard* case is farther along, but the court need not resolve this factual dispute. Ray has not offered any authority for the proposition that the court may look behind the absolute time of filing in its consideration of the first-filed rule, and the court finds ample authority to the contrary. *See, e.g.*, *Strother v. Hylas Yachts, Inc.*, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) (determining the first-filed suit based solely on the timing of the complaints); *Catanese v. Unilever*, 774 F. Supp. 2d 684, 688 (D.N.J. 2011) (holding that the order in which the competing cases were filed "is all that matters for purposes of the rule"). *Hoggard* is thus the first-filed case and the United States District Court for the District of Columbia is entitled to a strong presumption in its favor.

**B.     Similarity of Parties**

The court finds that the parties are substantially similar. The first-filed rule does not demand complete unity of parties. *E.g.*, *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*, 2015 WL 196018, at *2 (S.D. Ga. Jan. 14, 2015). Instead, the law requires merely that "some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) (citations omitted); *see also Strother*, 2012 WL 4531357, at *2 (finding substantial overlap in cases that "feature some different causes of action and different parties").

Nationstar is the defendant in both actions. And the putative nationwide classes may not be identical, but they do overlap. Ray largely concedes this point in his brief,

4

arguing only that the classes are "defined differently." Doc. 32 at 6.  This is true. *See* Doc. 32 at 6 (setting out the respective putative class definitions).  But the variance in class definitions does not foreclose a finding that the parties are substantially similar.  Both class definitions cover homeowners who had reverse mortgages serviced by Nationstar and who were assessed allegedly improper fees for property inspections.  In the *Hoggard* class, the inspections must have been triggered by the homeowner's failure to return an annual occupancy certification form to Nationstar. Doc. 30-1 at 17.  The *Ray* inspections may have been triggered by any number of events as long as the homeowner received no prior notice of the inspections. Doc. 1 at 12.  Viewed side by side, the class definitions are broad enough to encompass many of the same plaintiffs since the classes of homeowners who failed to return an occupancy form and who did not receive prior notification of their inspections are not mutually exclusive. *See Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689 (E.D. Tenn. 2005) (finding substantially overlapping parties based on a comparison of putative class definitions).  Taking into account the putative national classes, there is sufficient commonality between the parties in this case and in *Hoggard* to support the application of the first-filed rule.

**C.     Similarity of Issues**

The issues presented in the two actions also are substantially similar and overlapping.  Here again, complete unity is not required. *See, e.g.*, *Manuel*, 430 F.3d at 1135 (demanding overlapping, but not identical, issues); *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009) ("The applicability of the first-filed rule is not limited to mirror image cases where the

parties and the issues perfectly align."). Instead, merely "a similarity or an overlapping in subject matter" will support the application of the rule. *Rudolph & Me, Inc.*, 2011 WL 3919711, at *3.

The court is persuaded that sufficient similarity is present here. As mentioned above, the core allegation is the same in both lawsuits: that Nationstar assessed improper fees for property inspections to its reverse mortgage customers. Both Ray and Hoggard sue for breach of contract based on the language of Nationstar's reverse mortgage agreements. Docs. 1 at 14 & 30-1 at 21–22. Both allege unnecessary inspections and improper fees. *E.g.*, Docs. 1 at 16 & 30-1 at 3. Both bring claims for unjust enrichment. Docs. 1 at 15 & 30-1 at 29. And the underlying legal issues also converge. As one example, the question of inspection notice—*i.e.*, when the contract terms require prior notice to the homeowner—could determine the outcome of the breach of contract claims in both actions. Docs. 1 at 14 ("Pursuant to the reverse mortgage contract, [Nationstar] was required to provide prior notice specifying that an inspection was ordered, conducted and will be charged, along with the purpose for all inspections.") & 30-1 at 22 ("Defendant breached the terms of its contract with Plaintiffs and the class members by: failing to provide Plaintiffs and class members notice of each occupancy inspection before conducting each inspection . . . ."). This is more than sufficient to find that the issues are substantially similar. As a result, the court should effectuate the first-filed rule's preference for the *Hoggard* action unless Ray has carried his burden of proving that this deference would be inequitable.

**D.     Equities**

During the January 10 hearing, Ray's argument against a stay focused on equitable considerations rather than a strict application of the first-filed rule.  For this narrow exception, the law in the Eleventh Circuit places the burden of proving "compelling circumstances" squarely on the party objecting to the first-filed forum. *Manuel*, 430 F.3d at 1135.  The circumstances found by other courts to be compelling have included anticipatory filing, forum shopping, and bad faith litigation tactics. *E.g.*, *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 606 (S.D. Fla. 1997); *MCS Music Am., Inc. v. Napster, Inc.*, 2007 WL 726835, at *2 (M.D. Tenn. Mar. 6, 2007).

Ray's chief complaint is behavior that he characterizes as forum shopping. *See* Doc. 32 at 8.  This includes Nationstar's agreement to a scheduling order and initiation of the discovery process, which purportedly caused Ray to commit a "tremendous amount of time, effort and money in his case only to be blocked from [taking Nationstar's corporate representative depositions] at the last minute by untimely asserting a first-to-file argument." Doc. 32 at 8; *see also* Doc. 32-3.  To the undersigned, this sounds more like an argument for bad faith than forum shopping. *See, e.g.*, *Manuel*, 430 F.3d at 1137 (analyzing among other factors the forum's connection to the litigation and its convenience for the parties in deciding that the plaintiff had not engaged in forum shopping).  Regardless of the label affixed to it, Ray levels a serious accusation against Nationstar.  However, the court does not find the circumstances outlined by Ray to be egregious enough to override the clear preference for the first-filed forum.  It is undoubtedly true that Nationstar could have sought a stay sooner, but there is no record before the court establishing that this delay

was in bad faith. Even if the imminent Rule 30(b)(6) depositions triggered Nationstar's request, the desire to avoid duplicative discovery is consistent with the first-filed rule's emphasis on judicial economy. *See* Doc. 38-1 (listing a series of Rule 30(b)(6) topics which, even on a cursory review, bear some relevance to the *Hoggard* action). Based on the chronology of events—which is the bulk of the evidence before the court—this innocent explanation is just as likely as the sinister one Ray attributes to Nationstar. Without more, the court will not discard the first-filed rule.

**E.     Remedy**

"When the rule applies, a district court may elect to stay, transfer, or dismiss a duplicative later-filed action, and in applying the rule, judges are afforded an ample degree of discretion." *GeorgiaCarry.Org*, 2015 WL 196018, at *1. Although these three options were available to Nationstar, it has requested only that this action be stayed until the *Hoggard* case has been resolved. Had another request been made, the court would not have been inclined to transfer this case to the District of Columbia because of the inconvenience to Ray and his attorneys, nor would it have been likely to recommend dismissal since the cases intersect but are not carbon copies. In addition, Ray's offer for "informal coordination of discovery," Doc. 32 at 8, provides little assurance that this process would cure the court's fundamental concerns about simultaneous parallel litigation. A stay of these proceedings, then, is the only appropriate remedy.

### III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the motion to stay (Doc. 29) be GRANTED.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than February 23, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 9th day of February, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE